THE DETROIT FIRE AND MARINE INSURANCE CO. v. EMMA ASPINALL, ADMINISTRATRIX, ET AL.

*Administrator's mortgage of estate to pay debts.*

An administrator's mortgage given upon the estate to raise money to pay its debts, is invalid if the order allowing it and the proceedings thereon do not comply with Comp. L. § 4626, and specify the time

for which it may run, and the rate per cent. at which it shall be given;.
and the good faith of the parties will not save it. Whether the
mortgagee could be subrogated to the rights of a prior mortgagee of
the same property, for the payment of whose mortgage the adminis-
trator was allowed to raise money by giving another mortgage—Q.

Appeal from the Superior Court of Detroit. Submitted
January 5. Decided January 19.

FORECLOSURE. Defendant appeals. Reversed; bill dis-
missed.

*Moore, Canfield & Warner,* for complainant, argued
that as the mortgage was made and taken in good faith, it
should be enforced as an equitable lien (*Howard v. Moore* 2:
Mich. 234; *Blodgett v. Hitt* 29 Wis. 169; *Winslow v..
Crowell* 32 Wis. 639; *Valle v. Fleming* 29 Mo. 152; *Love*
*v. S. N. L. W. & M. Co.* 32 Cal. 639; *Beatty v. Clark* 20·
Cal. 12; *Daggett v. Rankin* 31 Cal. 322; *Howard v. North*
5 Tex. 290; *Du Four v. Camfranc* 11 Mart. O. S. (La.) 615;.
*McLaughlin v. Daniel* 8 Dana 182; *Bentley v. Long* 1
Strobh. Eq. 43; *Cole v. Johnson* 53 Miss. 99; *Short v.
Porter* 44 Miss. 533) and that the mortgagers having received.
the benefit of the loan, were estopped from disputing its.
validity : Sedgwick on Const. Law, 90.

*Wilkinson, Post & Wilkinson* for defendants, as to the·
effect of defective probate sales cited *Ryder v. Flanders* 30·
Mich. 336; *Coon v. Fry* 6 Mich. 506; *Stewart v. Bailey*
23 Mich. 251; *Griffin v. Johnson* 37 Mich. 91; and con-
tended that as the mortgage did not conform to law it created
no lien : *Black v. Dressell* 20 Kan. 153; *Farhall v. Farhall*
L. R. 7 Ch. App. 123; a court of equity cannot relieve:
against the defective execution of a statutory power where
the requirements constitute the apparent policy of the statute :.
1 Story Eq. Jur. § 96; *Bright v. Boyd* 1 Story 478; *Young*
*v. Dowling* 15 Ill. 481; the question in this case is decided
contrariwise in *Salmond v. Price* 13 Ohio 368, and *Bishop·
v. O'Connor* 69 Ill. 431.

MARSTON, C. J.   The complainant company seeks to fore-
close a mortgage given it upon real estate by the administra-
trix of Philip Aspinall deceased.

A license was granted by the probate court to the admin-
istratrix to mortgage certain property of the deceased, but
"no time or rate per cent., upon the basis of which said
mortgage should be executed, was specified in the license.
No report was made by the administratrix to the probate
court, of her action in mortgaging said property, and the
probate court never passed upon the question of time and
rate per cent. contained in said mortgage."

That the statute (2 Comp. L., § 4626)* was not complied
with, and that this was fatal to the validity of the mortgage,
as such, as decided in *Edwards v. Taliafero* 34 Mich. 15,
must be considered as beyond question.

It is claimed, however, that certain equities exist in favor
of the complainant, under which the mortgage may by the
court be held effectual: among these, the good faith of the
parties; the fact that a mortgage for nearly this amount upon
real estate of the deceased, was from moneys received upon
the mortgage in suit paid and discharged, should be con-
sidered.

We have carefully considered all the equities presented in
favor of the complainant.   If a non-compliance with the
statute, § 4626, can thus be avoided, then in all cases where
the parties act in good faith, and the money is used to pay
and discharge debts of the deceased, it becomes a dead letter.
But it is only for the purpose of paying debts against the

---

*(4626)  SEC. 2.   Such order [empowering an administrator to mort-
gage the estate for the payment of its debts] shall be obtained by petition
to the proper judge of probate,   *   *   and such order shall specify the
amount to be secured by such mortgage or other security, the rate of
interest to be given, and the length of time for which such mortgage or
other security shall be given.   *   *

(4627)  SEC. 3.   *   *   said proceedings of the said   *   *   administra-
tor   *   *   in mortgaging or otherwise pledging such estate, shall be
reported to the judge of probate, and by him be subject to be confirmed
or vacated, and new proceedings to be had, to the same extent and in the
same manner, as near as may be, as is now provided by law in the case
of the sale of real estate.

estate of the deceased that the judge of probate may empower an administrator to mortgage the estate. Such a construction as is contended for would make the statute in effect a nullity.

The mortgage taken up by the proceeds of the one in suit, was not upon the same property or any part of the property described in the mortgage in this case. Had this mortgage been given upon the same property, to take up a previous one, then it might become important to consider whether complainant could not to' that extent be subrogated to the rights of the prior mortgagee. Under the facts in this case we are of opinion that no such question can arise, and that the complainant can obtain no relief in this case.

The decree must be reversed and the bill dismissed with costs of both courts.

The other Justices concurred.